### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY DAVIS** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:09cv744-LG-RHW** |
| | § | |
| **WAL-MART STORES, INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Wal-Mart Stores East, L.P.'s [1] [22] Motion

for Summary Judgment.  Plaintiff Gregory Davis brings this premises liability action

for injuries he sustained when he fell in Wal-Mart.  Defendant argues that it is

undisputed that Plaintiff was warned of the presence of water on the floor.  The Court

has considered the parties' submissions and the relevant legal authority.  The motion

is denied.

### FACTS AND PROCEDURAL HISTORY

Wal-Mart owns and operates the Wal-Mart Supercenter in Lucedale,

Mississippi.  On March 25, 2008, Davis and his brother went grocery shopping at the

Lucedale Wal-Mart.  While checking out at the register, the cashier called for a price

check on the green onions.  After five minutes, no one came, and she suggested that one

of the two men could speed things up if they went and checked on the price.  After

another few minutes went by with no assistance, Davis left to check on the price of

green onions in the produce department.  He approached the refrigerated aisle of

---

[1]Wal-Mart Stores East, L.P. asserts that it owned the subject premises and was
misidentified in the Complaint as "Wal-Mart Stores, Inc."

produce and got the price.  The floor was wet.  When he started to leave for the cash register again, his right foot slipped out from under him, his left foot buckled under him, and he fell.  His injuries included two hip surgeries and physical therapy resulting from the fall.

The water on the floor came from a leaking ice cream cooler immediately behind the refrigerated produce aisle.  The leak caused water to come out from behind the produce cooler, onto the produce aisle.

Davis filed the action in this Court, alleging Wal-Mart negligently caused the wet floor.  Additionally, Davis alleges Wal-Mart either failed to warn or to adequately warn of the wet floor.  As a result, he seeks to recover for "serious injuries to his hip [which] caused him to incur great financial hardship and medical expenses, which he continues to incur. . . . [past and] future . . . great mental and physical pain and suffering with permanent impairment. . . . extensive medical, hospital and home care." (Compl. at 3 (¶¶X-XII)).

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is

such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof

at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party seeking summary judgment bears the initial burden of identifying those

portions of the pleadings and discovery on file, together with any affidavits, which it

believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once

the movant carries its burden, the burden shifts to the non-movant to show that

summary judgment should not be granted. *Id.* at 324-25.

> A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
>
> (A) citing to the particular parts of materials in the record,
> including depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for the
> purposes of the motion only), admissions, interrogatory answers, or other
> materials; or
>
> (B) showing that the materials cited do not establish the absence
> or presence of a genuine dispute, or that an adverse party cannot produce
> admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In a negligence premises liability action, Mississippi law requires the Court to

first "determine the status of the injured party as invitee, licensee, or trespasser;

second, based on the injured's status, the court must determine what duty the

landowner/business operator owed the injured party." *Thomas v. Columbia Grp., LLC*,

969 So. 2d 849, 852 (¶11) (Miss. 2007). It is undisputed that Davis was an invitee.

Wal-Mart owed Davis, as an invitee, the duties to keep the premises reasonably

safe and to warn him of hidden dangers, about which Wal-Mart knew or reasonably

should have known. *Mayfield v. Hairbender*, 903 So. 2d 733, 735-36 (¶11) (Miss. 2005).

"These two duties–(1) to keep the premises reasonably safe, and (2) to warn of hidden

dangers–are separate.  The breach of either duty supports a claim of negligence.  Each

must be separately analyzed."  *Id.* at 738 (¶20) (affirming summary judgment on

failure to warn but reversing on failure to keep reasonably safe).  Therefore, he must

prove Wal-Mart (1) negligently caused his injury, or (2)  had actual knowledge of a

dangerous condition but failed to warn him, or (3) had constructive knowledge of the

dangerous condition. *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (¶8) (Miss.

2000).  The warning must be "adequate and timely."  *Mercy Reg'l Med. Ctr. v. Doiron*,

348 So. 2d 243, 245 (Miss. 1977).  Where there is a dispute of fact on the adequacy of

the warning, that question is for the jury. *Miles v. Vicksburg Chem. Co.*, 588 F.2d 512,

516-17 (5th Cir. 1979) (holding jury question on whether verbal warning of danger

"was sufficient to discharge the duty to warn").

Wal-Mart argues it warned of the wet floor and that warning was adequate.

Wal-Mart does not address Davis's claim of the failure to keep the premises reasonably

safe.[2]  He responds that there is a question of whether or not there was a warning and

if so, whether it was adequate.

First, Wal-Mart acknowledges there is a dispute of fact as to whether there was

---

[2]For the first time on rebuttal, Wal-Mart argued that it has the option to either provide a warning or to keep the premises safe.  *Mayfield* forecloses this argument. *Mayfield*, 903 So. 2d at 738 (¶25).

a warning cone present.  Wal-Mart training coordinator Brandy Sanizzaro testified that some time after Davis fell she was alerted to the incident.  She went to the produce department where the incident occurred and took photographs.  Among the pictures "was one of a warning sign or 'caution cone' that was in the immediate vicinity of where the plaintiff slipped."  (Sanizzaro Aff. at 1 (¶3)).  She attaches to her affidavit a picture of an orange, three-sided fabric pyramid, that appears to be about a foot high, that reads "Caution" and "Wet Floor," with a picture of a person falling down.  Davis testified that he saw no one come and take pictures after the accident.  He also testified that during his time in the produce section, he saw no cone or sign.  He testified that after he fell, one Wal-Mart employee came to him and told other employees "to put the signs out."  (Pl.'s Dep. at 33).

Wal-Mart argues the above testimony does not create a *genuine* issue of fact, because Davis's testimony is not credible since the video shows there was an orange object on the floor that he walked right past.  This orange object, Wal-Mart claims, was the warning cone.  First, credibility is for the jury.  Second, the video does not compel the rejection of his testimony.  The video shows an orange spot on the floor.  While the caution cone was orange and black, this spot is only orange.  He and others appear to walk right over it or into it, while others go around it.  A reasonable jury could conclude that the orange spot is an orange warning cone, but the jury just as easily conclude that it was not.

Even if a jury were to find that the orange spot was the orange cone depicted in Sanizzaro's photograph, there is a genuine dispute over the adequacy of the warning.

5

Davis testified he did not see any sign or cone.  It was positioned on the side of produce boxes opposite from the direction he was coming.  This indicates that it was indeed hidden from his view and anyone else's who was coming from the other side of the produce boxes.  He and others stepped right into or over it appearing not to even notice it.  Additionally, there was at least one Wal-Mart employee present a few feet away from the water leak when Davis reentered the produce section.  The employee did not provide any verbal warnings to Davis before he entered the section with the water on the floor.  Viewed in the light most favorable to Davis, this evidence creates a dispute of fact as to whether or not, if a warning was provided, it was adequate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant Wal-Mart Stores East, L.P.'s [22] Motion for Summary Judgment should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE